# IN THE SUPREME COURT OF IOWA

No. 17–1697

Filed April 26, 2019

**STATE OF IOWA,**

Appellee,

vs.

**DALE ROBERT TOURNIER,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Bremer County, Christopher C. Foy, Judge.

A defendant appeals the judgment and sentence imposed following his conviction for second-degree sexual abuse of a child under the age of twelve. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; JUDGMENT OF CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND CASE REMANDED.**

Mark C. Smith, State Appellate Defender (until withdrawal), and Brenda J. Gohr, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Louis S. Sloven, Assistant Attorney General, and Kasey E. Wadding, County Attorney, for appellee.

**PER CURIAM.**

A judge convicted Dale Robert Tournier of second-degree sexual abuse of a child under the age of twelve. On appeal, Tournier argues (1) the district court abused its discretion in declining to grant him a new trial and in refusing to set aside the finding of guilt and receive further testimony and (2) the district court erred in imposing the jail fee without first determining the amount of the fee.

We transferred the case to the court of appeals. The court of appeals affirmed Tournier's conviction. The court of appeals vacated that part of the sentence dealing with restitution and remanded the case for entry of a corrected sentencing order. Tournier asked for further review, which we granted.

On further review, we choose to let the court of appeals decision stand as our final decision regarding the district court's rulings declining to grant him a new trial and in refusing to set aside the finding of guilt and receive further testimony. *See State v. Baker*, ___ N.W.2d ___, ___ (Iowa 2019) ("On further review, we have the discretion to review all or some of the issues raised on appeal or in the application for further review." (quoting *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012))). Therefore, we affirm Tournier's conviction.

As to Tournier's argument that the district court erred in ordering him to pay restitution without first determining his reasonable ability to pay those fees, we find the restitution part of his sentence should be vacated. In *State v. Albright*, ___ N.W.2d ____ (Iowa 2019), filed after the court of appeals decision in this case, we set forth the procedure to follow when determining the restitution obligation of a defendant. There we held that certain items of restitution are subject to a reasonable-ability-to-pay determination. *Id.* at ___; *see also* Iowa Code § 910.2(1) (2019). We also

clarified that a plan of restitution is not complete until the sentencing court issues the final restitution order. *Albright,* ___ N.W.2d at ___. Finally, we emphasized that a final restitution order must take into account the offender's reasonable ability to pay certain items of restitution. *Id.*

Here, the district court did not have the benefit of the procedures outlined in *Albright* when it entered its order regarding restitution. Accordingly, we must vacate that part of the sentencing order regarding restitution and remand the case back to the district court to impose restitution consistent with our decision in *Albright.*

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; JUDGMENT OF CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND CASE REMANDED.**

All justices concur except McDonald, J., who takes no part.

This opinion shall not be published.